**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**August 25, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP767**

Cir. Ct. No. **2021SC5763**

STATE OF WISCONSIN

**IN COURT OF APPEALS**
**DISTRICT IV**

---

TAYR KILAAB AL GHASHIYAH,

 PLAINTIFF-APPELLANT,

 V.

KEVIN CARR,

 DEFENDANT-RESPONDENT.

---

 APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed*.

 ¶1 FITZPATRICK, J.[1] Tayr Kilaab al Ghashiyah is the appellant in this appeal and was the plaintiff in the Dane County Circuit Court. Kevin Carr, the Secretary of the Department of Corrections, is the respondent in this appeal

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

and was the defendant in the circuit court. Al Ghashiyah filed a small claims complaint against Carr that goes on for about 45 pages (with attached exhibits). The first two paragraphs of the complaint are reproduced here verbatim:

1) The complaint seeks to combine small complaint(s) as a title of right as defined in Rule 401.201(1) "**ACTION**" in the sense of a judicial proceeding includes recoupement, counter-claim, suit of equity and "**any proceedings in which rights as determined,** and proof of claim in violation of the **Clearfield Doctrine,** violation of the Fifth Amendment by illegal taking, violation of the fourth Amendment personal effects, and violation of Title 42 USC 1983 and Emergency Motion for preliminary injunction;

2) **NOW COMES,** the undersigned {known as Tayr Kilaab al Ghashiyah [Khan]}, Notice of Acceptance, Notice of Fault and **Invitation** to cease enforcement and/or collection(s), and the undersigned reserve his common-law right not to be compelled to perform under any contract(s), and/or agreement(s), or **Bankruptcy**.

Because the **STATE OF WISCONSIN** [Incorporated] ] cannot have the Superior title, to my life, liberty and property and because **DEPARTMENT of CORRECTIONS [Incorporated]** have fraudulently recorded by title/action in all capital letters which falsely assumed that the undersigned is a **FICTION CORPORATION**, which the undersigned is not, and because the respondent's record(s) the undersigned as a white male which are **not a RACE** of People, the undersigned is a **sovereign {Ismailis}** and/or human inhabitant of the Ismailis Monarch; the undersigned is not a citizen of KENOSHA COUNTY [Incorporated] nor the 72 Counties of Wisconsin, the undersigned is not a citizen of U.S.A. [Incorporated]. Nor any other name or name(s) the respondent(s) may call/refer themselves. The undersigned is Ismailis, a sovereign Inhabitant **{FREE}**, and/or agency, or Political sub-division of the Coptic Lunar International security Enforcement, and Intentional protected person [see, Title 22 USC 288, 288a, 1116(a)(c)(2) of Title 18 USC], Tayr Kilaab al Ghashiyah (Khan) is an Ismailis wazir {Pro-consul} per Reg. No. 721525 (USA).

As a Government entity of a foreign State, "**the Draft on Declaration of the Rights of the Indigenous People,**" *E*cn. 4/sub 2/1994 Add. 1/ (1994). Part VII,

> Article 31 and 34, drafted by the Working Groups which was adopted at the Karl Ocn Conference, 25-30 May 1992 **"United Nation."**
>
> "The judicial power shall extend to all cases in law and equity arriving under this Constitution, the laws of the United States and Treaties made, or which shall be made under their Amnesty." The undersigned declares that this Treaty was renewed in 1986 A.D. and is still in effect today.

The complaint does not get any better from there in terms of understanding what al Ghashiyah wants or the basis for his request. But, from what I can gather from the complaint, it seems as if al Ghashiyah is unhappy with some action of either Carr or the DOC when he was in the custody of the DOC or shortly thereafter.

¶2 It will come as no surprise that Carr moved to dismiss the complaint, arguing that it fails to state a claim upon which relief may be granted. *See* WIS. STAT. §§ 799.20(1) and 802.06(2)(a)6. Carr also argued to the circuit court that the complaint is frivolous and, pursuant to WIS. STAT. §§ 814.04(1)(a) and 895.46(1)(am), Carr requested an assessment of $300 as statutory attorney fees.

¶3 The circuit court granted Carr's motion to dismiss for failure to state a claim. The circuit court also concluded that the complaint is frivolous. Further, the circuit court assessed $300 statutory costs against al Ghashiyah and ordered that, until those costs are paid in full, al Ghashiyah is barred from proceeding *in forma pauperis* in any circuit court. There is no transcript of the circuit court's decision in the record.

¶4 Al Ghashiyah apparently appeals the circuit court's order. I say "apparently" because, on appeal, al Ghashiyah has filed 72 pages that are difficult to parse, to say the least. A representative example of al Ghashiyah's briefing is the following reproduced verbatim from his brief-in-chief:

> At this stage, the undersigned express his legal expectation and presumption under section 9, Article I concludes with the phrase "**conformably to the laws.**" In formal **Notification**, the legal procedures which the undersigned and most other
> incarcerated persons complained as being violative of the constitution and statutory
> scheme is not only "**conformably to the law**," but it is the laws established by the
> United States Congress and Wisconsin legislature.

The following is a representative sample from his reply brief:

> Uniquely enough, the Georgia Supreme Court in common-law opinion located in action referred to as Padlford, Fay & Co – v – The Mayor and Alderman of the City of Savannah, 14 Ga. 438 (1854), clearly expressed, "**silence** " gives consent, is rule of business life. A tender of bank bills is as good as one of coin, unless the bills are objected too. To stand by, in "Silence," and see another sell your property, bind you! These are mere instances of the maxim in the municipal law. In the law of the Nations, it is equally point. Silent acquiescence in the breach of treaty binds a nation. (Vattel, ch. 16, sec. 199, Book 1 see Book 2, sec. 742, et Seq., as to usucaption and prescription, and sec. 208 as to ratification).

¶5    I reject al Ghashiyah's appeal for two reasons, either of which is sufficient. First, he advances no developed argument as to why the rulings of the circuit court are in error, and I certainly discern no error in the circuit court's decisions and reasoning. *See **State v. Pettit***, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992). Second, in those areas in which the circuit court exercised its discretion, my review on appeal is confined to the record, and I must assume that any missing transcript would support the circuit court's findings and discretionary decisions. *See **Austin v. Ford Motor Co.***, 86 Wis. 2d 628, 641, 273 N.W.2d 233 (1979) ("[T]he court will assume, in the absence of a transcript, that every fact essential to sustain the trial judge's exercise of discretion is supported by the record."). This court has held that it is the appellant's responsibility to provide it with a record sufficient to allow review of issues raised, including any

necessary transcript. ***Butcher v. Ameritech Corp.***, 2007 WI App 5, ¶35, 298 Wis. 2d 468, 727 N.W.2d 546 (2006). Because al Ghashiyah has not provided a transcript of the circuit court's ruling, that is an independent reason to reject his appeal.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.